UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

---

| United States of America | |
| :--- | :--- |
| Plaintiff, | Case No. 3:22-CR-00010 |
| vs. | Defendant's Sentencing Memorandum |
| Tyler Neil Pelzer, | |
| Defendant. | |

---

¶ 1.    **COMES NOW**, Defendant, Tyler Neil Pelzer (Defendant) through his Counsel, Richard Sand, hereby submits this Sentencing Memorandum for the Court's review. Defendant respectfully requests a downward deviation to the Sentencing Guidelines that is sufficient to deter future criminal actions, but not greater than necessary under the circumstances of this case. Defendant is currently set for sentencing in this matter on 01/27/2025.

¶ 2.    Letters in support of Defendant have been forwarded to the court for review.

**Presentence Investigation Report (PSIR)**

¶ 3.    A PSIR has been authored in this matter.

¶ 4.    Counsel for Defendant and Defendant have both received this PSIR.

¶ 5.    There are no objections to the contents of the PSIR.

¶ 6.    The parties, in the Plea Agreement, agreed and stipulated that the base offense level in the above captioned case is offense level thirty (30). Also, the PSIR states that the Defendant has a criminal history score of zero (0), which falls into Category I.  PSIR ¶¶ 6, 7.

¶ 7.    Per the Plea Agreement, the parties agree that the following upward adjustments are

applicable in this case: +2, for possession of a firearm under USSG § 2D1.1(b)(1).

¶ 8.  Per the Plea Agreement, the United States will be recommending a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility under USSG § 3E1.1(a). The United States will also be recommending a 1-level downward adjustment for timely notification of Defendant's intention to enter into a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).  Per the Plea Agreement, both parties have reserved the right to object to any departure the Court may make from the applicable guidelines. USSG § 3E1.1(a).

¶ 9.  The guidelines recommend a sentence of 87 to 108 months.

¶ 10.  At sentencing, per the Amended Plea Agreement, the United States will move to dismiss the Third Superseding Indictment as to Defendant.

¶ 11.  Defendant understands the seriousness of the offense and has accepted responsibility for his actions.  Defendant would point to the factor analysis when considering what his sentence should be.

### Analysis of 18 USC § 3553 factors to be considered in imposing a sentence

¶ 12.  Nature and circumstances of the offense and the history and characteristics of the defendant:

a.  Nature and circumstances of the offense – Defendant committed the offense of Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substance. While Defendant acknowledges that this is criminal conduct that can cause harm to an individual and society, Defendant did not commit a crime of violence and did not personally cause any physical harm to anyone. Defendant does

not possess a violent temper and has never been charged with a crime of violence.

b. History of Defendant – Defendant has no criminal history. This includes Juvenile Adjudications and Adult Criminal convictions.

c. Characteristics of Defendant – Defendant has admittedly struggled with addiction throughout his life. Defendant reported a significant history with drug and alcohol abuse, starting at the age of 17. Defendant also has struggled with mental health issues; he was diagnosed with attention-deficit hyperactivity disorder and was prescribed medications. Despite his struggles, Defendant has done his best to maintain relationships in his life. Defendant refers to his parents and siblings as positive support for him.

¶ 13.  Need for the sentence imposed to …

a. Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense – Defendant acknowledges that a period of incarceration is appropriate to reflect the seriousness of the offense as well as to promote respect for authority and society. A period of incarceration will also provide just punishment while allowing Defendant to reflect on his decisions and afford him an opportunity to attend programming and grow as a person. Defendant believes that a period of incarceration which deviates downward from the guidelines would still accomplish the goals set out in imposing a sentence.

b. Afford adequate deterrence to criminal conduct – The prosecution of Defendant has had a substantial impact on him and will further deter him from committing other criminal acts.  The goal in sentencing is to reduce recidivism and to ensure that Defendant does not commit further crimes.  Defendant acknowledges that any

sentence that Defendant receives will involve incarceration and will be a deterrence from committing further crimes.

c.  Protection from the public from further crimes of Defendant – Defendant acknowledges that a period of incarceration is appropriate in this matter. Serving time in the custody of the Bureau of Prisons will give Defendant the opportunity to overcome his addictions. If able to do so, Defendant will have the ability to make better decisions, in turn helping to safeguard the public from danger upon Defendant's release.

d.  To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner – Defendant admittedly has struggled with addiction throughout his life. Serving time in the Bureau of Prisons will provide Defendant access to treatment options that will allow him to become a better person.

¶ 14.  At the Sentencing Hearing to be held on January 27, 2025, Defendant will ask the Court to deviate downward from the guidelines based on the facts and findings of his PSIR as well as the analysis for the factors laid out in this Memorandum. Defendant would still have a substantial amount of time to serve in prison, where Defendant will be able to address his addiction issues and better himself so that he is able to leave the custody of the Bureau of Prisons as a productive member of society. Thus, Defendant believes that the factors laid out in 18 USC § 3553, the findings in Defendant's PSIR, as well as the other relevant facts, supports Defendant's recommendation.

Dated: 1/24/2025

BY:    <u>/s/ Richard Sand</u>
Richard Sand
Sand Law, PLLC
332 Minnesota St., W2402
St. Paul, MN 55101
Phone: (701) 609-1510
Email: Rick.Sand@sandlawnd.com

***Counsel for Defendant***