# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Kayla Marie Schutz, | ) | |
| | ) | **ORDER ON MOTION TO VACATE,** |
| Movant, | ) | **SET ASIDE, OR CORRECT** |
| | ) | **SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:24-cv-046 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cr-10 |
| | ) | |
| Kayla Marie Schutz, | ) | |
| | ) | |
| Defendant. | ) | |

Movant, Kayla Marie Schutz, seeks to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Doc. 527). The United States opposes the motion. (Doc. 586). The motion raises legal issues that are ripe for review without an evidentiary hearing. After careful consideration, the motion is denied.

## I.  BACKGROUND

Schutz was indicted for conspiracy to distribute methamphetamine and cocaine, conspiracy to import controlled substances, and international money laundering. (Doc. 5; Doc. 134). Schutz pleaded guilty to money laundering pursuant to a plea agreement with the United States. (Doc. 195; Doc. 223). A Presentence Investigation Report was prepared, calculating Schutz's anticipated guideline range as 57 to 71 months imprisonment based on a criminal history category I. (Doc. 294 ¶ 54). The Court sentenced Schutz to 40 months imprisonment based upon the joint

1

recommendation of the parties. (Doc. 355; Doc. 356; Doc. 583 at 16, 22). Upon motion of the United States, the charges of conspiracy to distribute controlled substances and conspiracy to import controlled substances were dismissed. (Doc. 356). Schutz did not appeal her conviction or sentence.

Schutz has filed a § 2255 motion seeking a reduction in her sentence because a co-conspirator, Oliver Louis Dylla, received a lesser sentence. (Doc. 527). The § 2255 motion asserts three claims based on the alleged sentencing disparity between her and Dylla's sentences. Ground One alleges Schutz's 40-months sentence is disproportionate to Dylla's sentence of 30 months. Id. at 4. Ground Two asserts Schutz should have received a lesser sentence because her criminal history category was lower than Dylla's.[1] Id. Ground Three asserts her minimal participation should have warranted a lower sentence. Id. at 5. Although not stated as a separate ground, Schutz also alleges her defense counsel advised, "[Schutz] could seek a reduction in sentence if anyone else named in the conspiracy was sentenced to less time than [her]." Id. at 7.

The United States argues the motion should be denied because differing sentences between co-conspirators is not a sufficient reason to set aside a defendant's sentence. (Doc. 586 at 1 (citing, among others, United States v. Gallegos, 480 F.3d 856, 858-59 (8th Cir. 2007)). The United States argues Schutz specifically disavowed that any other promises or assurances, other than those set out in the plea agreement, were made to her during her change of plea hearing. Id. at 2. Next, the United States argues Schutz's contention that defense counsel said she could seek a sentence reduction is at odds with the plea agreement for a joint recommendation of 48 months, and the parties' ultimate joint recommendation of 40 months imprisonment. Id. at 2-3. Finally, the United States presents an affidavit from defense counsel, Leah Carlson, that specifically refutes Schutz's

---

[1] This contention is inaccurate. Both Schutz and Dylla fell into criminal history category I.

2

claim that Carlson told her she could seek a reduction in sentence based upon the sentences of co-conspirators. (Doc. 586 at 3; Doc. 586-1).

## II. LEGAL STANDARDS

A motion under 28 U.S.C. § 2255 provides an avenue for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis v. United States, 417 U.S. 333, 343 (1974). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

A Section 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

## III. DISCUSSION

### A. Sentencing Disparity Claims

The Court turns first to Schutz's complaint that co-conspirator Dylla received a lower sentence than hers. Schutz contends her 40-months sentence is disproportionate to Dylla's 30-

months sentence.[2] Upon its face, this argument does not present a constitutional or jurisdictional error.[3] The statutory sentencing factors, however, do require district courts to avoid unwarranted sentencing disparities among defendants with similar criminal history and similar conduct. See 18 U.S.C. § 3553(a)(6). That factor, however, is generally recognized to "refer[ ] to *national* disparities, not differences among co-conspirators." United States v. Fry, 792 F.3d 884, 892 (8th Cir. 2015) (collecting cases); see also United States v. Castillo, 117 F.4th 1021, 1025 (8th Cir. 2024). Moreover, "[b]y itself, the fact that 'a similarly situated co-conspirator was sentenced differently' provides 'no principled basis for an appellate court to say which defendant received the "appropriate" sentence.'" United States v. Baez, 983 F.3d 1029, 1044 (8th Cir. 2020), cert. denied, 141 S. Ct. 2744 (2021) (quoting Fry, 792 F.3d at 892-93).

The Eighth Circuit Court of Appeals has rarely granted relief based on a comparison of co-conspirator sentences. Fry, 792 F.3d at 892-93 (citing United States v. Lazenby, 439 F.3d 928, 934 (8th Cir. 2006). When it did, in Lazenby, "that decision [was] necessarily limited to the 'unusual circumstances' presented there: an 'extreme disparity' in sentencing between similarly situated conspirators, and a consolidated appeal involving both conspirators that permitted a remand for resentencing."[4] Id. And Lazenby has been called into doubt by the Eighth Circuit. United States v.

---

[2] Schutz did not appeal her sentence. Under most circumstances this would constitute a procedural default. See United States v. Apfel, 97 F.3d 1074 (8th Cir. 1996) ("A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.") (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Because Dylla was sentenced after Schutz and the United States does not argue procedural default, the Court will proceed to the merits of her claim.

[3] The Eighth Amendment prohibits sentences that are disproportionate to the crime committed, but Schutz does not make an Eighth Amendment argument. Solem v. Helm, 463 U.S. 277, 284 (1983).

[4] The defendants in Lazenby were similarly situated members of a conspiracy to distribute methamphetamine. Lazenby, 439 F.3d at 930-931. One defendant received a twelve-month sentence while the other received 87 months imprisonment. Id.

4

McDowell, 676 F.3d 730, 733-34 (8th Cir. 2012) (noting the precedential value of Lazenby is suspect after the Supreme Court's decision in Gall v. United States, 552 U.S. 38 (2007)).

Here, the Court cannot conclude that a ten-month difference between the sentences of Schutz and Dylla constitutes an "extreme disparity." The Eighth Circuit has upheld much greater differences in sentences between similarly situated co-conspirators. See Castillo, 117 F.4th at 1024-25 (upholding 20-month difference in sentence as not substantively unreasonable); McDowell, 676 F.3d at 733-34 (holding sentence of 48 months was not substantively unreasonable compared to co-defendant's sentence of twelve months); see also United States v. Merrett, 8 F.4th 743, 754 (8th Cir. 2021) (upholding five-month sentencing difference between similarly situated co-defendants).

Furthermore, "disparate sentences among *dis*similar defendants are not unwarranted." Fry, 792 F.3d at 893. While there were similarities between Schutz and Dylla with respect to their criminal history categories and guideline ranges, important differences existed. Foremost in the Court's view, Schutz failed to maintain her sobriety while on pretrial supervision despite completing a chemical dependency treatment program. Schutz tested positive on three occasions and failed to appear for testing on several occasions. (Doc. 348). Dylla, on the other hand, was able to stop using drugs and remained sober while on pretrial supervision. (Docs. 305, 389).

The Court does not discount that for Schutz a difference of ten-months may feel significant. But a ten-month difference does not constitute an "extreme disparity" as interpreted by the Eighth Circuit Court of Appeals, particularly where there are important distinctions between the defendants. Accordingly, Grounds One, Two, and Three are denied.

### B.   Ineffective Assistance of Counsel Claim

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. To obtain habeas relief based on ineffective assistance of counsel, a movant must satisfy the two-part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a movant must establish that defense counsel's representation was constitutionally deficient, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

To determine whether this showing has been satisfied, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. A court must "eliminate the distorting effects of hindsight" and avoid second guessing by examining defense counsel's performance from counsel's perspective at the time of the alleged error. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 689). A movant must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018).

To satisfy the second prong, the movant must demonstrate that defense counsel's deficient representation prejudiced the defense. Strickland, 466 U.S. at 687. Not every error undermines the reliability of a conviction. Morales v. Ault, 476 F.3d 545, 550 (8th Cir. 2007). Instead, a movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th

Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003). If the Court can answer "no" to either the deficient performance or prejudice prong, the other prong need not be answered. Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Schutz has not shown her defense counsel's performance was constitutionally deficient. The Court is aware Ms. Carlson competently advocated on Schutz's behalf and negotiated a favorable plea agreement for her. The plea agreement resulted in the dismissal of two significant charges: conspiracy to distribute controlled substances, and conspiracy to import controlled substances. (Doc. 195, ¶¶ 4, 17). Schutz also received the benefit of favorable sentencing recommendations from the United States at sentencing. (Doc. 196, ¶ 2(b)). While the parties originally intended to jointly recommend a 48-months sentence, they ultimately agreed to a 40-months joint recommendation, which the Court adopted.

Even if the Court assumes defense counsel informed Schutz she could move for a sentencing reduction based on disparity of sentences, Schutz has not shown prejudice. A showing of prejudice requires Schutz to demonstrate a reasonable probability that the relief sought would have been granted. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (concluding prejudice cannot be shown "if there is no reasonable probability that the motion would have been successful"); Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998) ("No prejudice arises from counsel's failure to raise a claim that had little likelihood of success on the merits."). Based on the Court's familiarity with the facts of this case and considering the prevailing caselaw, it is doubtful a motion to reduce sentence would have been successful based on alleged sentencing disparities. See Carter v. Hopkins, 92 F.3d 666, 671 (8th Cir. 1996) (observing that if the underlying claim (i.e., the alleged deficient performance) would have been rejected, defense

7

counsel's performance is not deficient). Neither prong of the Strickland standard is satisfied; thus, Schutz's claim of ineffective assistance of counsel fails to warrant relief. Scott v. United States, No. 4:20-cv-04181-KES, 2023 WL 1434266, at *6-7 (D.S.D. Feb. 1, 2023) (denying ineffective assistance of counsel claim based on sentencing disparity of 52-months where movant failed to show "unusual circumstances," and "extreme disparity" between similarly situated conspirators); United States v. Mariscal, No. 3:06-CR-474-1, 2010 WL 3370278, at *3 (N.D. Ohio Aug. 26, 2010) (denying ineffective assistance of counsel for failing to raise a co-defendant's sentencing disparity as a relevant sentencing factor).

### C. Evidentiary Hearing

Section 2255(b) requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." No hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). After careful review of the file and accepting her claims as true, Schutz is not entitled to relief. So, dismissal without an evidentiary hearing is warranted. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

### IV. CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant legal authority. For the reasons set forth above, Schutz's motion to vacate, set aside, or correct sentence (Doc. 527) is **DENIED**. This matter is **DISMISSED** without an evidentiary hearing.

The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge

v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Schutz desires further review of her motion, she may request a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 22nd day of April, 2025.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court